UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KARON WEARY** | **CIVIL ACTION** |
| **versus** | **No. 04-3312** |
| **NOBLE DRILLING CORPORATION** | **SECTION: I/4** |

## ORDER AND REASONS

Before the Court is a motion filed on behalf of defendant, Noble Drilling Corporation ("Noble"), seeking partial summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiff, Karon Weary ("Weary"), opposes the motion. For the following reasons, defendant's motion for summary judgment is **GRANTED**.

### *BACKGROUND*

This case arises out of injuries that plaintiff suffered aboard defendant's maritime vessel. Plaintiff began working for Noble on July 11, 2000, as a roustabout on the drilling rig Paul Romano.[1] The Paul Romano vessel is owned and operated by Noble. On December 5, 2001, plaintiff was assigned to the night shift and was scrubbing the floors of the rig with a team of other workers.[2] At approximately 6 a.m., plaintiff reported to the office of the barge engineer to

---

[1] Def.'s Ex. A, Dep. of Pl. at 55 (Rec. Doc. No. 20).

[2] Rec. Doc. No. 28, pp. 1-2.

1

discuss complaints that a crane operator was harassing him.[3]  Returning to work after this meeting, plaintiff slipped while descending a stairway and suffered injuries to his neck, back, and legs.[4]

On December 3, 2004, plaintiff filed his complaint pursuant to the Jones Act, 46 App. U.S.C. § 688, and general maritime laws, alleging that Noble's negligence and the unseaworthiness of the vessel had caused his injuries.[5]  Plaintiff seeks future and past maintenance and cure benefits, damages for failure to pay maintenance and cure, and attorney's fees.[6]  Additionally, plaintiff seeks $2,000,000 in damages.[7]  On August 23, 2005, defendant filed the instant motion for partial summary seeking to have plaintiff's Jones Act negligence claim dismissed.[8]

## *LAW AND ANALYSIS*

*I. Standard of Law*

Summary judgment is proper when, after reviewing the "pleadings, depositions, answers to interrogatories . . . [and] affidavits," the court determines that there is no issue of material fact.

---

[3]Rec. Doc. No. 28, p. 2; Def.'s Ex. A, Dep. of Pl. at 92-93.

[4]Rec. Doc. No. 1, p. 2.

[5]Rec. Doc. No. 1, p. 2 ¶ IV.

[6]Rec. Doc. No. 1, p. 3.

[7]Rec. Doc. No. 1, p. 3 ¶ VII.

[8]Rec. Doc. No. 20.  By order of this Court on October 13, 2005, plaintiff's response to defendant's motion was due no later November 14, 2005 (Rec. Doc. No. 21).  Plaintiff's opposition, however, was not filed until December 15, 2005.

Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (internal quotation omitted).

Once the party seeking the summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).  The showing of a genuine issue is not satisfied by creating some metaphysical doubt as to the material facts by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id.*  The non-moving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor."  *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999) (internal quotation and citation omitted) (alternation in original).

*II. Jones Act Claim*

Pursuant to the Jones Act, 46 App. U.S.C. § 688, a seaman has a cause of action against his employer for negligence. *See Becker v. Tidewater, Inc.*, 335 F.3d 376, 386 (5th Cir. 2003). The duty of care owed by an employer to a seaman pursuant to the Jones Act is that of ordinary prudence under the circumstances. *Gautreaux v. Scurlock Marine, Inc.,* 107 F.3d 331, 336 (5th Cir. 1997) (en banc). While the Jones Act employer's duty to provide a reasonably safe place to work is broad in scope, it is not a form of strict liability. *Daigle v. L & L Marine Trans. Co.*, 322 F. Supp. 2d 717, 725 (E.D. La. 2004) (citations omitted). A Jones Act employer is not liable for a breach of its duty to provide a safe place to work unless the employer has notice and the opportunity to correct an unsafe condition. *Colburn v. Bunge Towing, Inc.,* 883 F.2d 372, 374 (5th Cir. 1989) (citing *Perry v. Morgan Guar. Trust Co. of N.Y.*, 528 F.2d 1378, 1380 (5th Cir. 1976)); *Daigle*, 322 F. Supp. 2d at 725. The standard of care is "not 'what the employer subjectively knew, but rather what it objectively knew or should have known.'" *Colburn*, 883 F.2d at 374 (quoting *Turner v. Inland Tugs Co.*, 689 F. Supp. 612, 619 (E.D. La. 1988)). Liability does not attach to a Jones Act employer for injuries suffered by its employees absent proof that the employer's negligence was the cause, in whole or in part, of the seaman's injury. *Gautreaux,* 107 F.3d at 335.

"A seaman . . . is obligated under the Jones Act to act with ordinary prudence under the circumstances." *Gautreaux*, 107 F.3d at 339. Such circumstances include not only the employee's reliance on his employer to provide a safe working environment, but also the seaman's experience, training or education. *Id*. There is no duty to instruct an experienced seaman on matters within common sense, or to remind him of what he already knew or should have known. *Cole v. Dolphin Towing, LLC*, 2005 WL 195519, *7 (E.D. La. Jan 27, 2005) (citing *Vendetto v. Sonat Offshore*

4

*Drilling Co.*, 725 So.2d 474 (La. 1999); *Grover v. Am. President Lines, Inc.,* 1995 AMC 2105 (N.D. Cal. 1995)).

Defendant's principal argument is that no evidence exists to suggest that Noble had any notice of an unsafe condition on the stairway or any opportunity to correct the condition. Defendant cites *Colburn* and *Perry* to support the proposition that such a showing is required to bring a negligence action pursuant to the Jones Act. Plaintiff's attempt to rebut this argument, however, fails to create an issue of material fact sufficient to defeat defendant's motion.

Plaintiff relies primarily on the testimony of another workman, John Duff, who observed a pile of grease at the top of the stairway and on the first or second step when Duff arrived at the scene of the accident.[9] Plaintiff contends that Duff also noticed a footprint in the grease at the top of the stairway.[10] According to plaintiff, Duff wiped away the grease after plaintiff's accident and did not report the grease to his supervisor.[11] Plaintiff makes several misguided attempts to draw an issue of material fact from Duff's testimony. Plaintiff questions why, if he did step in grease on the stairway, there was no grease found on his boots or clothing after the accident and the grease was not mentioned in the accident report. Plaintiff also speculates that another Noble employee may have tracked grease onto the stairway.

Absent from plaintiff's opposition or complaint, though, is any allegation that Noble had any actual or constructive knowledge of the grease by the stairway or that Noble had any opportunity to remove the grease prior plaintiff's accident. Moreover, plaintiff's own deposition

---

[9] Rec. Doc. No. 28, p. 2; Rec. Doc. No. 20, p. 4 n.1.

[10] Rec. Doc. No. 28, p. 2.

[11] Rec. Doc. No. 28, p. 3.

belies his claim of negligence. Plaintiff answered that he had been up and down the stairway "too many times to count" that morning.[12] He had not noticed any grease or oil before his accident, nor did he did not notice any oil or grease on his boots or clothing after the accident.[13] Plaintiff has not provided any facts to suggest that the stairway was unsafe because of any negligence on the part of Noble.

Plaintiff also attempts to attack defendant's citation to *Perry*, a case with analogous facts. There, the plaintiff, who worked on a vessel, was assigned to carry buckets of grease to a storage area. 528 F.2d at 1379. The plaintiff slipped on grease while descending a stairway and injured himself. *Id.* at 1379. After falling, the plaintiff returned to the top of the stairway and found grease with his footprint in it. *Id.* He sued, alleging that the owner of the vessel had been negligent in allowing such a condition to exist, and a jury found in his favor. *Id.* Reviewing the case, the appellate court reversed, finding that there was not enough evidence to justify the jury's verdict and that the defendant's motion for a directed verdict should have been granted. *Id.* at 1379-80. In his opinion for the panel, Judge Coleman noted that, "in Jones Act cases, there must be some evidence from which a jury can infer that the unsafe condition existed and that the owner either knew or . . . should have known of it." *Id.* at 1379; *see also Gautreaux*, 107 F.3d at 336 (holding that the *Perry* court applied the correct evidentiary and "reasonable care" standards).

Here, plaintiff argues that because he was not working with grease that day and because he was unaware of the existence of the grease before his fall, his situation is somehow distinct

---

[12]Def.'s Ex. A, Pl.'s Dep at 106 (Rec. Doc. No. 20).

[13]Def.'s Ex. A, Pl.'s Dep at 113, 117 (Rec. Doc. No. 20).

from the facts in *Perry*.[14]  Plaintiff, however, ignores the key finding in that case.  The *Perry* court stated that, even if the plaintiff had slipped in the grease on the stairway, "there is absolutely no evidence to show how the grease got there, how long it had been there, or that there had been time enough for the shipowner, in the exercise of due care, to have learned of it and corrected the situation."  *Id.* at 1379.  Plaintiff's opposition to defendant's motion similarly omits anything more than conclusory allegations as to how the grease may have appeared on the stairway, how long it had been there, or what notice Noble may have had of the unsafe condition.

Because plaintiff fails to create a genuine issue of material fact and suggest that Noble had some notice of the unsafe condition that allegedly caused plaintiff's accident, summary judgment with respect to plaintiff's Jones Act negligence claim is appropriate.  The Court notes that plaintiff's other claims, including his claim for maintenance and cure benefits and claims pursuant to the general maritime law of the United States, remain.

Accordingly,

**IT IS ORDERED** that defendant's motion for partial summary judgment is **GRANTED**, and plaintiff's negligence claim pursuant to the Jones Act is **DISMISSED**.

New Orleans, Louisiana, January __18th__, 2006.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[14]Rec. Doc. No. 28, p. 3.