UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KARON WEARY** | **CIVIL ACTION** |
| **versus** | **No. 04-3312** |
| **NOBLE DRILLING CORPORATION** | **SECTION: I/4** |

### ORDER AND REASONS

Before the Court is a motion filed on behalf of defendant, Noble Drilling Corporation ("Noble"), seeking partial summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.[1]  Plaintiff, Karon Weary ("Weary"), opposes the motion.[2]  For the following reasons, defendant's motion for summary judgment is **DENIED**.

### *BACKGROUND*

The facts of this case have been detailed in the Court's previous order granting defendant's motion for partial summary judgment and dismissing plaintiff's Jones Act

---

[1] Rec. Doc. No. 41.

[2] Rec. Doc. No. 42.

1

negligence claim.[3]  In summary, plaintiff was employed as a roustabout on defendant's vessel and suffered injury when he slipped while descending a stairway.  Plaintiff alleges that there was a pile of grease at the top of the stairway that caused him to slip.[4]  He brought claims against defendant pursuant to the Jones Act, 46 App. U.S.C. § 688, as well as general maritime law.  In the instant motion, defendant argues that plaintiff has not shown sufficient evidence to create a genuine issue of material fact with respect to his claim that the unseaworthiness of defendant's vessel caused his injuries.

## *LAW AND ANALYSIS*

### I.  Standard of Law

Summary judgment is proper when, after reviewing the "pleadings, depositions, answers to interrogatories . . . [and] affidavits," the court determines that there is no issue of material fact. Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (internal quotation omitted).

---

[3]Rec. Doc. No. 33, filed Jan. 19, 2006.

[4]Rec. Doc. No. 41.

Once the party seeking the summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986). The showing of a genuine issue is not satisfied by creating some metaphysical doubt as to the material facts by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The non-moving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999) (internal quotation and citation omitted) (alternation in original).

**II.  Unseaworthiness Claim**

To prevail on his unseaworthiness claim, plaintiff must prove "that the owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purposes for which it is to be used" and show a "causal connection between his injury and the breach of duty that rendered the vessel unseaworthy." *Jackson v. OMI Corp.*, 245 F.3d 525, 528 (5th Cir. 2001) (citations omitted). A vessel owner's duty to provide a seaworthy vessel is absolute and does not depend upon fault. *Williams v. Treasure Chest Casino, L.C.C.*, No. 95-3968, 1998 U.S. Dist. LEXIS 1135, at *25 (E.D. La. 1998), *citing Miles v. Melrose*, 882 F.2d

976, 981 (5th Cir. 1989)

This duty, however, is "a duty only to furnish a vessel and appurtenances reasonably fit for their intended use. The standard is not perfection, but reasonable fitness; not a ship that will weather every conceivable storm or withstand every imaginable peril of the sea, but a vessel reasonably suitable for her intended service."  *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550, 80 S. Ct. 926, 933, 4 L. Ed. 2d 941, 949-50 (1960) (citation omitted).  The Fifth Circuit has noted that "a seaman is not absolutely entitled to a deck that is not slippery.  He is absolutely entitled to a deck that is not unreasonably slippery."  *Garcia v. Murphy Pac. Marine Salvaging Co.*, 476 F.2d 303, 305 (1973) (quoting *Colon v. Trinidad Corp.*, 188 F. Supp. (S.D.N.Y. 1960)); *see also Sherrill v. United States*, 818 F.2d 867 (6th Cir. 1987) ("A seaman is not entitled to a deck or ladder that is free of all oil or grease. Unseaworthiness exists only when the oil or grease creates such a condition of slipperiness that the deck or stairway is no longer reasonably fit for its intended use by the crew.") (quoting *Rice v. Atl. Gulf & Pac. Co.*, 484 F.2d 1318, 1321 (2d Cir. 1973)); *Dunlap v. G. & C. Towing, Inc.*, 613 F.2d 493, 496 (4th Cir. 1980).

Defendant argues that the mere presence of the oil in which plaintiff claims he slipped is not enough to ground plaintiff's claim that the vessel was unseaworthy.  Plaintiff counters that even this temporary oil patch is sufficient to make the rig unseaworthy because it rendered the stairwell unfit for its intended purpose.[5]  The Court finds that an issue of material fact exists as to

---

[5]Plaintiff's citation to the United States Supreme Court's decision in *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 91 S. Ct. 514, 27 L. Ed. 2d 562 (1971), overstates the Court's holding.  Plaintiff cites this case for the proposition that "[t]he existence of a defective condition, however temporary, on a physical part of the ship may give rise to a condition of unseaworthiness."  The Supreme Court's actual language, however, is not as broad: "We may accept it as settled, too, that the shipowner is liable though the unseaworthiness be transitory."  *Usner*, 400 U.S. at 497, 91 S. Ct. at 517, 27 L. Ed. 2d at 566.

4

whether the presence of the grease rendered the stairway unfit for reasonable use and, therefore, it will leave judgment on the unseaworthiness issue to the factfinder.

Defendant cites *Pinto v. States Marine Corp.*, 296 F.2d 1 (2d Cir. 1961), and quotes the district court's jury instructions reviewed there: "[T]he mere momentary presence of oil in the area does not in and of itself render the vessel unseaworthy." *Id.* at 3. The Fifth Circuit upheld this instruction as a "good sense" jury charge. *Id.* at 4. A key distinction exists between the facts in that case and those presented in the instant case, however. The *Pinto* jury instruction contemplated "an accident [that] occurred on the ladder leading to and from the engine room, where the use of oil and grease is required for normal engine room functioning." *Id.* at 3. The court emphasized that "*[i]n this circumstance*," the momentary presence of oil could not, by itself, create unseaworthiness. *Id.* (emphasis added). In this case, there are no facts suggesting that the location of the accident was an area where oil was necessary for some function of the vessel. Indeed, John Duff, plaintiff's co-worker who testified that he found the pile of grease[6] at the top of the stairway after plaintiff's accident, noted in his deposition that "I've never seen any grease right there. Maybe a little bit come off . . . someone's boot, but it shouldn't have been there."[7] Even though some amount of grease and oil may be present on the stairways of seaworthy vessels, whether the grease that allegedly caused plaintiff's accident was enough to make the stairway unfit for reasonable use is a question for the factfinder.[8]

---

[6]Duff described the grease as a "big glob about six or eight inches wide." Rec. Doc. No. 42, Pl.'s Ex. A, p. 20.

[7]Rec. Doc. No. 42, Pl.'s Ex. A., p. 23.

[8]The Court recognizes, however, that the duration of this condition may affect the factfinder's decision as to the reasonableness of the stairway:
A conclusion that liability for a temporary condition is not different in legal nature

5

Because plaintiff has created a genuine issue of material fact to suggest that Noble's vessel was unseaworthy, summary judgment with respect to plaintiff's unseaworthiness claim is not appropriate.

Accordingly,

**IT IS ORDERED** that defendant's motion for partial summary judgment is **DENIED**.

New Orleans, Louisiana, March __16th__, 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

from liability for a permanent one does not mean that the duration of the condition . . . [is] irrelevant to deciding whether the owner had met his obligation to furnish a vessel reasonably suitable for her intended service.
*Pinto*, 296 F.2d at 6 (internal quotations and citations omitted).